STATE OF MAINE                SUPERIOR COURT
CUMBERLAND, SS.              CIVIL ACTION
                                    DOCKET NO.: RE-08-37

| | | |
|---|---|---|
| JEFFREY BORNEMAN, | ) | |
| *Plaintiff* | ) | |
| | ) | |
| vs. | ) | JUDGMENT |
| | ) | |
| RICHARD H. BORNEMANN, | ) | |
| *Defendant* | ) | |
| | ) | |
| | ) | |

The parties, having appeared before me, both duly represented by counsel, the evidence, having been presented and fully considered by the Court, the Court makes the following Findings and Orders:

1. The evidence clearly establishes that the parties have an abysmal relationship.

2. The ADR Report of August 23, 2008 signed by the parties and approved by this Court is found to be a fully integrated contract between the parties.

3. The terms of the parties' contract are: Plaintiff shall pay Defendant $92,500.00 within 90 days of the date of the settlement (August 23, 2008); that Defendant shall deliver to Plaintiff a Quit-Claim Deed with Warranty conveying to Plaintiff the Defendant's share of the property located in Bridgton, Maine described in the deed from Theordore Peterson to Jeffrey Borneman and Richard Bornemann dated June 21, 1996 and recorded in the Cumberland County Registry of Deeds at Book 12594, Page 241; and that upon exchange of both the funds and the deed, the parties shall also exchange general releases in the usual form.

4. The Court finds the contract contains no contingency regarding financing or sale. Defendant had no obligation to cooperate with a sale or financing.

5. The Court finds the contract requires a simultaneous exchange of money for a signed deed. Plaintiff's offer to give Defendant a first mortgage is not the same as actual payment as required by the contract. The Defendant would dilute his interests were he to accept that offer. Plaintiff did not offer a simultaneous exchange by the contract deadline of November 23, 2008. The Defendant was within his rights to refuse the Plaintiff's offer of anything but a simultaneous exchange.

6. The Court finds no unreasonable interference by Defendant. Plaintiff was not prevented by Defendant's actions from completing performance.

7. The Court finds the Plaintiff breached the parties' contract as recorded in the ADR Report of August 23, 2008, by failing to make timely payment.

8. Judgment is hereby entered for the Defendant on his Counterclaim.

9. The Defendant is awarded the sum of $92,500.00 plus $6,101.21 statutory pre-judgment interest, calculated at 6.42%, from November 23, 2008, the date of Plaintiff's breach to December 3, 2009, the date of the entry of this Judgment. Defendant is also awarded $278.78 for his reasonable costs incurred from June 4, 2009, the date Defendant's Counterclaim was filed. Counsel for Defendant has submitted an Affidavit of Costs for the Court's consideration.

10. The Court hereby appoints Michael G. Friedman, Esq. of Bridgton, Maine as receiver for the Highland Lake, Bridgton, Maine, real estate owned by the parties. Said receiver shall effectuate a prompt sale of the subject real estate.

Said receiver shall serve without bond and shall have full discretion to set and adjust the asking price of the subject real estate in order to facilitate prompt sale and may accept or reject offers as he sees fit. Said receiver shall be paid compensation of $50.00 per hour, with a minimum fee payable of $300.00. Said receiver's fee shall be deducted from the proceeds of sale. The receiver shall distribute the net proceeds of sale to the attorney for the Plaintiff, only after fully accounting for and payment in full of, all sums due to Defendant pursuant to this Order including pre-judgment and post-judgment interest, if any, as well as costs. Expenses and fees reasonably associated with the receiver's sale of the subject property; including but not limited to, compensation for the receiver and the realtor involved; *pro rata* property taxes due to the Town of Bridgton; outstanding utility bills and Association dues, and, all other reasonable costs incurred by the receiver acting as seller, shall be paid before any transfer of funds to Plaintiff's attorney.

11. The Court shall review the actions of the receiver and any progress on the sale of the subject property some one hundred and twenty (120) days from the date of this Order, unless the Court is notified by the receiver, with copies to the parties' respective attorneys, that such a judicial review is unnecessary because of the sale or pending sale of the subject property.

SO ORDERED.

Dated: December 4, 2007

Justice Robert E. Crowley
Maine Superior Court

STATE OF MAINE
CUMBERLAND, ss



JEFFREY BORNEMAN
    Plaintiff

v.

RICHARD BORNEMAN
    Defendant

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

This suit originated when Plaintiff Jeffrey Borneman filed a Complaint for Partition of a camp in Bridgton, Maine against his brother, Defendant Richard Borneman on February 11, 2008. Jeffrey and Richard each own a portion of the camp and are the only persons claiming a recorded interest in the property. The parties entered into a Settlement Agreement on August 23, 2008, which was accepted by the court on September 2, 2008.

Before the court is Richard Borneman's Motion for Summary Judgment on the claim that Jeffrey Borneman breached the terms of their Settlement Agreement. The Agreement required Jeffrey to pay Richard $92,500 within 90 days of August 23, 2008, and required Richard to deliver to Jeffrey a quitclaim deed with warranty conveying to Jeffrey Richard's share of the property.

Richard claims that the Agreement was breached and requests the court to order specific performance of the Agreement plus interest and costs. In his Opposition to the Motion for Summary Judgment, Jeffrey claims that he did not breach the Agreement, and that Richard interfered with his ability to perform the Agreement by interfering with the sale of the property and by refusing to execute a deed to Jeffrey to enable Jeffrey to finance the property and meet his obligations under the Agreement.

Summary judgment can only be granted when there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). A contested fact is "material" if it could potentially affect the outcome of the suit under the governing law. *Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747. A fact is "genuine" if there is sufficient evidence supporting the claimed fact to require a fact-finder to choose between competing versions of facts at trial. *Id.* For the purposes of summary judgment, factual disputes and ambiguities must be resolved against the movant. Genuine issues of material fact exist regarding whether Richard interfered with Jeffrey's ability to perform the Agreement.

Therefore, the entry is:

Defendant's Motion for Summary Judgment is DENIED.

Dated at Portland, Maine this _28th_ day of _September_, 2009.

Robert E. Crowley
Justice, Superior Court

JEFFREY BORNEMAN VS RICHARD H BORNEMAN
UTN:AOCSsr  -2008-0016570                    CASE #:PORSC-RE-2008-00037
------------------------------------------------------------------------
SEL VD                                  REPRESENTATION TYPE      DATE
01 0000002382 ATTORNEY:AUDIFFRED, JAMES
ADDR:374 MAIN STREET PO BOX 1005 SACO ME 04072
     F FOR:JEFFREY BORNEMAN                  PL          RTND   02/14/2008


02 0000007075 ATTORNEY:KAYNOR, PETER
ADDR:95 CONGRESS ST PO DRAWER L RUMFORD ME 04276
     F FOR:RICHARD H BORNEMAN                 DEF          RTND   02/19/2008




Select A=Atty, B=Bail, D=DckPr, E=Evt, F=Fin, J=Jdgm, O=Ordr, P=Prty, R=Review:

To exit this option, select the EXIT KEY.